UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05618-MCS-E | Date | November 27, 2024 |
| Title | *Dzhanpolatov v. United States Citizenship and Immigration Services (USCIS)* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 34) (JS-6)

Defendant United States Citizenship and Immigration Services ("USCIS") moves to dismiss this mandamus action by Plaintiff Bekzad Dzhanpolatov. (Mot., ECF No. 34.) Plaintiff opposes, (Opp'n, ECF No. 35), and Defendant filed a reply, (Reply, ECF No. 36). The Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.   **BACKGROUND**

This is a case about the delay in the adjudication of an asylum application. As alleged in the complaint, Plaintiff, a Russian citizen, applied for asylum on September 29, 2021. (Compl. ¶ 9, ECF No. 1.) UCSIS has not taken any action on his case and has denied Plaintiff's request to expedite the application. (*Id.* ¶¶ 9–13.) Plaintiff alleges that because of USCIS's failure to adjudicate the application, he has suffered severe hardship, including not being able to serve in the U.S. Army, being denied educational benefits in biotechnology, and struggling to support his younger brother. (*Id.* ¶ 14.) On these and other allegations, Plaintiff brings a claim under the Administrative Procedure Act for unreasonable delay. (*Id.* ¶¶ 16–23.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1072 (9th Cir. 2009).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 533, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This inherent authority bestows courts with "the power to consider stays *sua sponte*." *Washington v. Trump*, No. C17-0141JLR, 2017 U.S. Dist. LEXIS 39016, at *10 (W.D. Wash. Mar. 17, 2017) (citing cases). When considering whether to exercise discretion to grant a stay, a court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may

suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268).

## III.   DISCUSSION

### A.   Subject-Matter Jurisdiction

Defendant argues that the Court lacks subject-matter jurisdiction because asylum seekers do not have a private right of action to enforce time limits under 8 U.S.C. § 1158(d)(7). (Mot. 12–13.)

The Court finds that § 1158(d)(7) does not strip the Court of subject-matter jurisdiction. Section 1158(d)(7) states that nothing in the subsection detailing the asylum procedure "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Absent are any words concerning subject-matter jurisdiction.

Section 1158(d)(7) is unlike immediately neighboring sections that expressly preclude judicial review. *See* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."); *id.* § 1158(b)(2)(D) (subsection entitled "No judicial review"). "Had Congress intended § 1158(d)(7) to be a jurisdiction-stripping provision, it would have adopted the express language found in § 1158(a)(3) and § 1158(b)(2)(D)." *Varol v. Radel*, 420 F. Supp. 3d 1089, 1096 (S.D. Cal. 2019). "Any lingering doubt about the proper interpretation" of 8 U.S.C. § 1158(d)(7) is "dispelled by a familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 558 U.S. 233, 251 (2010) (discussing 8 U.S.C. § 1252(a)(2)(B)(ii)). The Supreme Court has "consistently applied that interpretive guide to legislation regarding immigration, and particularly to questions concerning the preservation of federal-court jurisdiction." *Id.* The Court finds application of the presumption appropriate here. While § 1158(d)(7) denies Plaintiff any private cause of action to enforce the scheduling guidelines of the INA, the Court retains subject-matter jurisdiction. *See, e.g.*, *Varol*, 420 F. Supp. 3d at 1096 (rejecting Rule 12(b)(1) challenge); *Dong v. Cuccinelli*, No. CV 20-10030-CBM-(PLAx), 2021 WL 1214512, at *2 (C.D. Cal. Mar. 2, 2021) (same); *L.M. v. Johnson*, 150 F. Supp. 3d 202, 210 (E.D.N.Y. 2015) (same); *Lajin v. Radel*, No. 19cv52-MMA (BLM), 2019

WL 3388363, at *3, 2019 U.S. Dist. LEXIS 125118, at *6 (S.D. Cal. July 26, 2019) (same); *Lamin v. Jaddou*, No. 2:24-cv-03772-MCS-MAR, 2024 U.S. Dist. LEXIS 204954, at *4–6 (C.D. Cal. Sept. 3, 2024) (Scarsi, J.) (same).

### B. Stay

The APA requires an administrative agency to adjudicate "a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b). In situations where an agency fails to do so, a reviewing court shall "compel agency action unlawfully withheld or unreasonable delayed." 5 U.S.C. § 706(1). But "[a] court can compel agency action under [5 U.S.C. § 706(1)] only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Viet. Veterans of Am. v. CIA*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004)).

"[A]djudication of asylum applications is not a discretionary act for which the Court lacks subject matter jurisdiction to review under the APA." *Dong*, 2021 WL 1214512, at *2. "The use of the word 'shall' with respect to adjudication of an asylum application and the time frame for conducting an interview for an asylum application in the statute and regulations demonstrates that the adjudication of asylum applications is not a discretionary act." *Id.* (citing 8 C.F.R. § 208.9, 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii), and *Poursina v. USCIS*, 936 F.3d 868, 871 (9th Cir. 2019)); *cf. Poursina*, 936 F.3d at 871 ("Congress's use of 'may'—rather than 'must' or 'shall'—brings along the usual presumption of discretion.").

When determining whether an agency's delay is unreasonable, courts in the Ninth Circuit apply the six-factor test articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"), known as the "*TRAC* factors." *In re Pesticide Action Network N. Am.*, 798 F.3d 809, 813 (9th Cir. 2015). These factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 79–80 (cleaned up).

"The most important is the first factor, the 'rule of reason,' though it, like the others, is not itself determinative." *In re Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017); *see also id.* at 787 ("Unreasonable delays under the *TRAC* factors involve delays of years, not months." (cleaned up).) District courts are empowered to weigh the *TRAC* factors and determine whether a delay is not unreasonable at the pleadings stage. *See, e.g.*, *Aghchay v. U.S. Dep't of State*, No. CV 22-5708 PA (PVCx), 2022 WL 19569516, at *2–3 (C.D. Cal. Dec. 20, 2022); *Cheng v. Baran*, No. CV 17-2001-RSWL-KSx, 2017 WL 3326451, at *4–6 (C.D. Cal. Aug. 3, 2017).

As to the first factor, Plaintiff has waited for over three years for an asylum interview, (*see* Compl. ¶ 2), and federal courts in California have found delays of three to five years reasonable in other immigration cases. *See Liu v. Denayer*, No. CV 21-6653-DMG (MRWx), 2022 WL 17370527, at *4 (C.D. Cal. July 18, 2022) (collecting cases). As such, at this point, the first *TRAC* factor weighs in favor of Defendant.

But the same cannot be said if no action is taken a year or two years\. In other immigration cases in which a delay remains reasonable, this Court has dismissed cases without prejudice, recognizing that at some point a delay will become unreasonable. *See Nosraty v. Oudkirk*, No. 2:23-cv-04632-MCS-PD, 2024 WL 654556, at *4 (C.D. Cal. Jan. 2, 2024) (Scarsi, J.). The Court finds that dismissing this case without prejudice only so that it may be refiled at a later date time would negatively affect the interests of justice and judicial economy. Plaintiff would also suffer needless financial hardship, as he would be required to pay an additional filing fee to file a new case. And the Court finds that any possible damage resulting from a stay is minimal given Plaintiff could renew his claim of unreasonable delay shortly.

Thus, the *Lockyer* factors support a stay of this action, and the Court stays the case sua sponte. As such, the Court delays resolution of the balance of Defendant's motion to dismiss until the stay is lifted.

## IV.   CONCLUSION

For the reasons stated above, the Court denies the motion in part and stays the case.

The Court directs the Clerk to remove the case from the Court's active caseload until further application by the parties or order of this Court. The parties shall file a joint status report by December 1, 2025. Additionally, the parties must notify the Court within seven days of the scheduling of Plaintiff's asylum interview if one is set.

**IT IS SO ORDERED.**