UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05618-MCS-E | Date | February 9, 2026 |
| Title | *Dzhanpolatov v. United States Citizenship and Immigration Services (USCIS)* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION FOR RELIEF FROM VOLUNTARY DISMISSAL AND TO REOPEN CASE (ECF NO. 41)

After concluding the Court possessed subject-matter jurisdiction over Plaintiff Bekzad Dzhanpolatov's claim that Defendant United States Citizenship and Immigration Services (USCIS) had unreasonably delayed adjudicating his asylum application, the Court on its own motion stayed the case. (Order Re: Mot. to Dismiss, ECF No. 38.) A few weeks later, USCIS filed a notice indicating that Plaintiff had been scheduled for an asylum interview on April 21, 2025. (Not. of Interview, ECF No. 39.) A week after the scheduled interview, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Not. of Voluntary Dismissal, ECF No. 40.) Plaintiff now moves for relief from his voluntary dismissal and seeks to return this case to the Court's active docket. (Mot., ECF No. 41.) Defendant takes no position on the requested relief. (Resp., ECF No. 43.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

///

I.   **RULE 60(b)**

Under Federal Rule of Civil Procedure Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief," as well as other reasons not relevant here. "[A] Rule 41(a) voluntary dismissal without prejudice counts as a 'final proceeding' under Rule 60(b)." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 319 (2025). Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (internal quotation marks omitted).

Plaintiff claims that he filed the notice of voluntary dismissal "based on his good faith but mistaken belief that scheduling the interview meant the underlying unreasonable delay problem had essentially been cured." (Mot. 3.) He thought that "once an interview was set, his lawsuit was effectively no longer necessary and that USCIS would proceed to issue a decision in the normal course." (*Id.*) However, Defendant has taken no action since the interview took place over eight months ago and has still not issued a final decision on Plaintiff's I-589 application. (*Id.*)

Plaintiff appears to have made an honest mistake about the effect of Defendant scheduling his asylum interview. As an unrepresented litigant unfamiliar with the asylum process, it was reasonable for Plaintiff to believe that once he had his interview, Defendant would issue a final decision on his asylum application in short order. Courts have granted Rule 60(b) relief "where, as here, a party makes an 'honest mistake'" in dismissing an action under Rule 41. *Haddad v. Trans Digital Techs., Inc.*, No. 12-cv-740-RWT, 2013 WL 12246354, at *2 (D. Md. Aug. 8, 2013). Plaintiff's good faith, albeit mistaken, belief that his interview effectively mooted this lawsuit is adequate grounds for Rule 60(b)(1) relief. *See Provident Sec. Life Ins. Co. v. Gorsuch*, 323 F.2d 839, 843 (9th Cir. 1963) (granting Rule 60(b) relief based on a party's good faith but erroneous understanding of Rule 12). Moreover, the interest of justice would not be served by denying relief; were the Court to do so, Plaintiff would just file a new lawsuit and be made to pay the filing fee again. (*See* Financial Entry, ECF No. 11.)

Moreover, Defendant has not objected to Plaintiff's request for relief from his voluntary dismissal. (Resp.) The Court treats this non-opposition as Defendant's acquiescence to the requested relief. *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop

any argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived.").

Based on what appears to be an honest mistake by Plaintiff and Defendant's non-opposition, the Court exercises its discretion to grant Plaintiff relief from his voluntary dismissal.

## II.   STAY

Plaintiff also asks the Court to lift the stay and return the case to the Court's active docket. (Mot. 6.) "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to exercise discretion to grant a stay, a court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268).

As explained in the order staying the case, federal courts in California have found delays of three to five years reasonable in other immigration cases. *See Liu v. Denayer*, No. CV 21-6653-DMG (MRWx), 2022 WL 17370527, at *4 (C.D. Cal. July 18, 2022). Here, Plaintiff filed his application on September 29, 2021, less than five years ago. (Compl. ¶ 9, ECF No. 1.) While his application is still pending, he participated in an asylum interview since he initiated this case, which is a meaningful development. (*See* Mot. 3.) As such, at this point, Defendant's delay in adjudicating his application does not appear to be unreasonable under the six factors enumerated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).

Of course, the delay in adjudicating Plaintiff's application could become unreasonable if it persists much longer. Maintaining the stay until such time will allow Plaintiff to avoid having to refile the case. This will preserve judicial resources prevent Plaintiff from incurring needless financial hardship in the form of a new

filing fee. And since Plaintiff can renew his claim of unreasonable delay shortly, any possible damage resulting from the continued stay is minimal. The *Lockyer* factors thus support a continued stay of this action.

### III.   CONCLUSION

The motion is granted in part and denied in part. The Court sets aside Plaintiff's notice of voluntary dismissal (ECF No. 40) but maintains the stay until September 1, 2026. The Court directs the Clerk to reinstate the STAYED flag in the CM/ECF system. The parties shall file a joint status report on September 1, 2026. Additionally, the parties must notify the Court within seven days of issuing a final decision on Plaintiff's asylum application if such a decision is issued.

**IT IS SO ORDERED.**